IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| LONNIE COOPER, | ) |
| Plaintiff, | ) |
| v. | ) No. 19-1356T |
| | ) (Judge Davis) |
| THE UNITED STATES, | ) Filed: May 9, 2023 |
| Defendant. | ) |

**OPINION AND ORDER**

On September 5, 2019, Plaintiff Lonnie Cooper filed this action for refund of a filing penalty assessed against him due to the late filing of his 2014 tax return. Before the Court is the Government's Motion to Dismiss under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC") for lack of subject-matter jurisdiction. For the reasons discussed below, the Court has jurisdiction over Plaintiff's Complaint. Additionally, the Government has not demonstrated in the alternative that the Complaint fails to state a claim. Accordingly, the Government's Motion to Dismiss is **DENIED**.

**I.   BACKGROUND**

**A.   Factual History**

Mr. Cooper seeks to recover a $95,117.50 late-filing penalty assessed in connection with his 2014 tax return. Pl.'s Compl. ¶¶ 1, 27–29, ECF No. 1. According to the Complaint, Mr. Cooper's Certified Public Accountant ("CPA") timely requested on Mr. Cooper's behalf an extension of the filing deadline to October 15, 2015. *Id.* ¶ 13. In the interim, Mr. Cooper remitted an estimated tax payment of $630,550.00, resulting in an overpayment of the taxes owed for the 2014 tax period. *Id.* ¶ 14. As the October 2015 filing date approached, Mr. Cooper became concerned that his CPA would not timely file his 2014 tax return due to personal family issues the

CPA was experiencing. *Id.* ¶¶ 15–16. The CPA advised Mr. Cooper that "there would not be a late filing penalty" because his 2014 tax obligation had already been fully paid prior to the extended filing deadline. *Id.* ¶ 14. Due to alleged issues and delays on the part of the CPA, Mr. Cooper's 2014 tax return was filed eight months late, in June 2016, and the IRS assessed a late filing penalty under I.R.C. § 6551(a)(1). *Id.* ¶¶ 17–18. The IRS collected the penalty from Mr. Cooper's overpayment of his 2014 tax obligation. *See* Ex. C to Pl.'s Compl. at 1, ECF No. 1-3.

On August 30, 2016, Mr. Cooper, through his tax attorney, filed a Form 843 (Claim for Refund and Request for Abatement) requesting an abatement of the late filing penalty assessed for the 2014 tax year. ECF No. 1 ¶ 19. The Complaint purports to attach a true and accurate copy of the claim for refund and request for abatement. *See* ECF No. 1-3. Mr. Cooper's tax attorney signed the Form 843 as the preparer, and also signed on Plaintiff's behalf under penalties of perjury. *Id.* at 1. The Complaint does not allege that Mr. Cooper authorized his attorney to sign the Form 843, nor does the Complaint include a copy of a Form 2848 (Power of Attorney and Declaration of Representative).

On January 5, 2017, the IRS denied Mr. Cooper's request for abatement. ECF No. 1 ¶ 20; Ex. D to Pl.'s Compl. at 1, ECF No. 1-4. Mr. Cooper, through his tax attorney, filed an appeal on March 6, 2017, which the IRS denied via letter dated September 5, 2017. ECF No. 1 ¶¶ 21–22; Ex. E to Pl.'s Compl. at 1, 4, ECF No. 1-5. The IRS addressed correspondence related to the denial of Mr. Cooper's claim for refund and subsequent appeal to Mr. Cooper's tax attorney. ECF No. 1-4 at 1; Ex. F to Pl.'s Compl. at 1–2, ECF No. 1-6.

**B.     Procedural History**

Mr. Cooper filed suit in this Court on September 5, 2019. *See* ECF No. 1. The Government filed its Answer to the Complaint on December 4, 2019. Def.'s Answer, ECF No. 7. Following the completion of fact discovery, the Government advised the Court that it had identified a

potential jurisdictional defect that it anticipated raising via dispositive motion.  Joint Status Report at 1, ECF No. 17.  On May 13, 2022, the Government moved to dismiss the Complaint pursuant to RCFC 12(b)(6).  Def.'s First Mot. to Dismiss, ECF No. 21.  The Government argued that Mr. Cooper did not "duly file" his refund claim as required by I.R.C. § 7422(a) because he did not sign the Form 843 under penalties of perjury and failed to submit a Form 2848 along with his refund claim authorizing his tax attorney to sign and verify the claim on his behalf.  *Id.* at 1, 4.  Relying on the recent decision in *Brown v. United States*, 22 F.4th 1008 (Fed. Cir. 2022), the Government contended that these defects warranted dismissal with prejudice for failure to state a claim upon which relief may be granted.  *Id.* at 3.  It acknowledged, however, that in discovery Mr. Cooper denied failing to submit a Form 2848 with his refund claim and produced what he claimed to be "a true and correct copy of the documents filed with the IRS Form 843," including a Form 2848 signed August 11, 2016.  *Id.* at 8; Ex. 4 to Def's First Mot. to Dismiss at 55, 59–62, ECF No. 21-1.  Mr. Cooper responded to the Government's motion on June 10, 2022, producing another copy of the Form 2848, dated August 11, 2016, which was stamped as received by the IRS on March 13, 2017, as part of Mr. Cooper's appeal.  Pl.'s Resp. to Def.'s First Mot. to Dismiss at 1, 8, EFC No. 22; Ex. 1 to Pl.'s Resp. at 70–71, ECF No. 22-1.

On July 5, 2022, the Government withdrew its Rule 12(b)(6) motion, stating that upon further research it believed the defects in Mr. Cooper's refund claim were jurisdictional.  Def.'s Mot. to Withdraw at 1, ECF No. 24.  The Government filed the instant motion on July 8, 2022.  Def.'s Second Mot. to Dismiss, ECF No. 25.  The motion raises the same grounds for dismissal— *i.e.*, that Mr. Cooper's refund claim was not "duly filed" due to his failure to comply with the signature verification requirements—but, contrary to its initial motion, the Government relies on circuit precedent preceding *Brown* to support a jurisdictional argument.  *Id.* at 1, 12–15.  The

3

Government now contends that *Brown* is not binding because the *Brown* panel could not overrule prior panel decisions finding that § 7422(a) sets forth jurisdictional prerequisites to filing suit. *Id.* at 18–21.

Mr. Cooper filed his opposition on August 4, 2022. Pl.'s Resp. to Def.'s Second Mot. to Dismiss, ECF No. 26. He does not contest the Government's position that any filing defects related to his refund claim raise a jurisdictional issue. *Id.* at 20. But Mr. Cooper continues to dispute claims that he failed to submit the Form 2848 alongside his Form 843 at initial filing and that the Form 2848 does not authorize his tax attorney to sign and verify the refund claim on his behalf. *Id.* at 1, 7–10. He also argues that the IRS waived any non-compliance with the signature verification requirements by accepting and processing his refund claim and appeal. *Id.* at 18–20.

C. **Standard of Review**

"Subject-jurisdiction is a threshold matter; without it, 'the only function remaining to the court is that of announcing the fact and dismissing the [case].'" *Health Republic Ins. Co. v. United States*, 161 Fed. Cl. 510, 517 (2022) (quoting *Ex parte McCardle*, 74 U.S. 506, 514 (1868)). On a Rule 12(b)(1) motion, "a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011); *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014). However, the Court is not confined to the "face of the pleadings" when jurisdictional facts are in dispute, and it may review evidence presented outside the pleadings to resolve factual questions necessary to a finding on jurisdiction. *Griffin v. United States*, No. 21-2307T, 2022 WL 1101817, at *3 (Fed. Cl. Apr. 13, 2022); *Mark Smith Const. Co. v. United States*, 10 Cl. Ct. 540, 541 n.1 (1986). If the Court determines that the plaintiff has failed to meet "the burden of establishing the court's jurisdiction over its claims by a preponderance of the evidence," the Court must dismiss the case. *Trusted Integration*, 659 F.3d at 1163.

## II.  DISCUSSION

A. **Following Recent Binding Precedent, Any Signature Verification Defect in Mr. Cooper's Refund Claim Does Not Raise a Jurisdictional Question.**

As an initial matter, the Court must determine whether the Government's arguments are properly raised by a motion to dismiss for lack of subject-matter jurisdiction.[1] The Government argues that verification of a claim for refund is a jurisdictional prerequisite under I.R.C. § 7422(a). ECF No. 25 at 12.  According to the Government, because Mr. Cooper failed to properly verify his refund claim under penalties of perjury in compliance with the statutory and regulatory requirements, his claim was not "duly filed" and thus the Court lacks jurisdiction. *Id.* at 17–18. Although it acknowledges that the United States Court of Appeals for the Federal Circuit recently held in a precedential decision that the "'duly filed' requirement in § 7422(a) is more akin to a claims-processing rule than a jurisdictional requirement," the Government claims the *Brown* decision is not binding. *Id.* at 19 (quoting *Brown*, 22 F.4th at 1011); *see id.* at 20–23.  It urges the Court to apply prior panel decisions holding the contrary.

Section 7422(a) provides:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, *until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof*.

I.R.C. § 7422(a) (emphasis added).  The Supreme Court has held that § 7422(a) waives sovereign immunity from refund actions against the United States only when a taxpayer seeking refund has filed a timely refund claim with the IRS prior to filing suit. *United States v. Dalm*, 494 U.S. 596,

---

[1] The Court notes that Plaintiff does not dispute that the issue raised is jurisdictional; nonetheless, the Court must independently address its own jurisdiction. *See St. Bernard Parish Gov't v. United States*, 916 F.3d 987, 992–93 (Fed. Cir. 2019).

608–10 (1990); *see United States v. Michel*, 282 U.S. 656, 658 (1931) ("The permission to sue [under § 7422] is conditioned on the filing of a claim and the lapse of six months or the disallowance of the claim within that period . . . .").[2]

The Federal Circuit has likewise held that certain filing requirements related to the adequacy of a refund claim—as opposed to the fact of filing—are jurisdictional. *See, e.g.*, *Chi. Milwaukee Corp. v. United States*, 40 F.3d 373, 374 (Fed. Cir. 1994) (citing *Burlington Northern, Inc. v. United States*, 684 F.2d 866, 868 (Ct. Cl. 1982)) (holding that the "filing [of] a refund claim with the IRS that complies with IRS regulations" is "a jurisdictional prerequisite to a refund suit"); *Stephens v. United States*, 884 F.3d 1151, 1156 (Fed. Cir. 2018) (affirming dismissal for lack of jurisdiction where refund claim did not meet the specificity requirements imposed by Treas. Reg. § 301.6402-2(b)(1)); *Waltner v. United States*, 679 F.3d 1329, 1334 (Fed. Cir. 2012) (affirming dismissal for lack of jurisdiction where refund claim was not properly executed for purposes of Treas. Reg. § 301.6402-3(a)(5), nor sufficiently specific as required by § 301.6402-2(b)(1)).

Prior to *Brown*, the Circuit had not considered whether signature verification requirements were jurisdictional prerequisites for a "duly filed" refund claim. Several judges of this court, however, followed the reasoning of pre-*Brown* circuit decisions to dismiss under RCFC 12(b)(1) actions involving refund claims that were not properly verified, including in the case that resulted in the *Brown* appeal. *See, e.g.*, *Mattson v. United States*, 153 Fed. Cl. 476, 482–83 (Fed. Cl. 2021)

---

[2] The Complaint demonstrates that Mr. Cooper filed a timely refund claim with the IRS and commenced a timely action in this Court following the IRS's disallowance of his claim. ECF No. 1 ¶¶ 14, 17–22; *see* I.R.C. §§ 6511(a), 6532(a)(1)–(2). Other evidence likewise shows that he paid the penalty he seeks to recover prior to filing suit. *See* Exs. to Def.'s Second Mot. to Dismiss at 1–3, ECF No. 25-3; *see* I.R.C. § 1346(a)(1). The Government does not dispute that Mr. Cooper satisfied these jurisdictional requirements.

(citing *Chi. Milwaukee*, 40 F.3d at 374.); *Brown v. United States*, 151 Fed. Cl. 530, 533–34 (2020) (citing *Waltner*, 679 F.3d at 1333).

The Government is correct that *Brown* departed with that prior circuit precedent. In *Brown*, the plaintiff-taxpayers submitted amended tax returns seeking refunds related to the Foreign Earned Income Exclusion. 22 F.4th at 1010. The taxpayers' attorney signed the returns on their behalf but initially did not attach any power of attorney. *Id.* As here, the Government filed an answer to the complaint and then moved to dismiss for lack of jurisdiction. The trial court first held that § 7422(a)'s "duly filed" requirement is jurisdictional and then found that the taxpayers' returns did not meet the requirements to be a "duly filed" claim. *Id.* at 1011. *Brown* specifically observed that, while "the Supreme Court in *Dalm* did not rule that meeting the requirement of being 'duly filed' was jurisdictional," some Federal Circuit decisions have "held that a taxpayer's failure to comply with other § 7422(a) requirements (including those implemented by regulation) generally is jurisdictional." *Id.* (citing *Stephens*, 884 F.3d at 1156, and *Waltner*, 679 F.3d at 1333). It went on to hold that those prior circuit decisions are irreconcilable with the Supreme Court's decision in *Lexmark International, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 & n.4 (2014). *Id.* Concluding that the "duly filed" requirement is more akin to a claims-processing rule, *Brown* upheld the trial court's decision under RCFC 12(b)(6) rather than RCFC 12(b)(1).[3]

This Court is unquestionably required to follow Federal Circuit precedent. *See, e.g., Coltec Indus., Inc. v. United States*, 454 F.3d 1340, 1353 (Fed. Cir. 2006). The Government's jurisdictional argument puts the Court in the awkward position of choosing which of the

---

[3] *Brown* was not the first Federal Circuit decision to raise the question of the effect of *Lexmark* on the vitality of prior decisions holding that § 7422(a) is jurisdictional. *See Walby v. United States*, 957 F.3d 1295, 1299–1300 (Fed. Cir. 2020). The discussion in *Walby*, however, was not framed as a holding or conclusion, but rather as an "invitation[] to the en banc court to revisit the legal issue raised." *Deckers Corp. v. United States*, 752 F.3d 949, 965 (Fed. Cir. 2014).

conflicting precedential decisions to follow.  The general rule in the Federal Circuit, as in other circuits, is that a panel cannot overturn the decision of another panel.  *See Hensley v. West*, 212 F.3d 1255, 1261 (Fed. Cir. 2000) (citing *South Corp. v. United States*, 690 F.2d 1368 (Fed. Cir. 1982)).  The prior panel decision controls unless and until it is overruled by the Circuit sitting en banc, by a statute, or by a subsequent Supreme Court decision.  *Strickland v. United States*, 423 F.3d 1335, 1338 n.3 (Fed. Cir. 2005).  Here, *Brown* relied on intervening authority from the Supreme Court.

Although the Government takes issue with whether *Lexmark* expressly or implicitly overruled the Federal Circuit's prior decisions on the jurisdictional nature of § 7422(a), this Court is not in a position to ignore *Brown*'s conclusion that the two are irreconcilable.  *See* ECF No. 25 at 23 n.23 (noting that *Lexmark* is not a tax case, nor a case involving the United States' waiver of sovereign immunity).  Moreover, the Federal Circuit has held that a panel is empowered to overrule a prior panel decision "without en banc action" based on intervening authority, even where such authority does not explicitly overrule the prior decision or address the precise issue.  *Cal. Inst. of Tech. v. Broadcom Ltd.*, 25 F.4th 976, 991 (Fed. Cir. 2022) (citing *Troy v. Samson Mfg. Corp.*, 758 F.3d 1322, 1326 (Fed. Cir. 2014)) (holding that "the issues decided by the higher court need not be identical in order to be controlling," but "must have undercut the theory or reasoning underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable" (quoting *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc)); *see Lone Star Silicon Innovations, LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1235 (Fed. Cir. 2019) (holding that prior circuit decisions treating 35 U.S.C. § 281 as a jurisdictional requirement were "irreconcilable" with *Lexmark* and, on that basis, departing from the precedent).

In short, while the Court appreciates the Government's argument, it is more appropriately addressed by the Circuit itself such that this Court has clear guidance on which line of precedent it should follow when faced with an alleged filing defect in a refund case. Unless and until it is told otherwise, the Court will follow *Brown* as controlling, as a number of other judges of the court have done. *See Vensure Hr, Inc. v. United States*, No. 20-728T, 2023 WL 2004522, at *5–6 (Fed. Cl. Feb. 15, 2023) (holding filing deficiencies are not jurisdictional under *Brown*), *appeal filed* No. 23-1640 (Fed. Cir. Mar. 22, 2023); *Ruebsamen v. United States*, No. 19-1834, 2022 WL 2315722, at *3–4 (Fed. Cl. Apr. 15, 2022) (same); Order, *Warnement v. United States*, No. 21-2165T (Fed. Cl. Feb. 8, 2023) (denying the Government's Rule 12(b)(1) motion).

**B.     The Court Denies the Government's Alternative Request to Dismiss for Failure to State a Claim.**

Even though the Government premised its motion solely on RCFC 12(b)(1), in a final footnote at the end of its reply the Government posits an alternative ground for dismissal. If it finds *Brown* controlling, the Government requests that the Court dismiss the Complaint with prejudice for failure to state a claim. Def.'s Reply at 18 n.7, ECF No. 27. Because the pleadings are closed, such request could be raised only by a motion for judgment on the pleadings under RCFC 12(c). *See* RCFC 12(b), (c), (h)(2)(B).

Granting judgment on the pleadings "is appropriate where there are no material facts in dispute and the [moving] party is entitled to judgment as a matter of law." *Forest Labs., Inc. v. United States*, 476 F.3d 877, 881 (Fed. Cir. 2007) (citing *N.Z. Lamb Co. v. United States*, 40 F.3d 377, 380 (Fed. Cir. 1994)); *see SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1166 (Fed. Cir. 2018) (holding that "legal questions based on [undisputed] underlying facts . . . may be, and frequently [have] been, resolved on a Rule 12(b)(6) or (c) motion"). When resolving a Rule 12(c) motion, the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable

to the plaintiff." *SAP Am.*, 898 F.3d at 1166.  The Court "may review 'the content of the competing pleadings, exhibits thereto, matters incorporated by reference in the pleadings, whatever is central or integral to the claim for relief or defense, and any facts of which the . . . court will take judicial notice.'"  *Charleston Area Med. Ctr., Inc. v. United States*, 138 Fed. Cl. 626, 629 (2018), *aff'd*, 940 F.3d 1362 (Fed. Cir. 2019) (quoting 5C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1367 (3d ed. 2004)).

Here, the legal question raised by the Government's motion—*i.e.*, whether Mr. Cooper's refund claim was "duly filed"—is the same regardless of whether it is treated as a jurisdictional or non-jurisdictional issue, and the parties have fully briefed the issue.  The Government alleges two filing defects: (1) that Mr. Cooper did not submit the Form 2848 power of attorney along with the Form 843 refund claim at the time he filed his claim, and (2) that the Form 2848 that Mr. Cooper produced in discovery, assuming it accompanied his refund claim, did not specifically authorize his tax attorney to sign the Form 843 on Mr. Cooper's behalf under penalties of perjury.  ECF No. 25 at 8–10, 17–18.

To resolve the Government's alternative dismissal request, the Court need only examine the documents that allegedly comprise Mr. Cooper's refund claim—his Forms 843 and 2848—the authenticity of which is not disputed, as well as the various applicable statutes, regulations, form instructions, publications, and other guidance published by the IRS.  The Complaint not only incorporated by reference Mr. Cooper's refund claim but also attached his Form 843 as an exhibit.  ECF No. 1 ¶ 19; ECF No. 1-3.  Although he did not include the Form 2848 produced in discovery in the copy of the refund claim attached to the Complaint, it is unquestionably central and integral to both Mr. Cooper's claim for relief and the Government's defense because it is determinative of whether Mr. Cooper submitted a valid refund claim.  *See Charleston Area Med. Ctr.*, 138 Fed. Cl.

10

at 629.  The various sources of law and other official agency documents are matters of public record and capable of judicial notice.  *Pub. Emps. for Env't Resp. v. Nat'l Park Serv.*, 605 F. Supp. 3d 28, 44 n.6 (D.D.C. 2022) (explaining that the Court may take judicial notice of official documents that are publicly available on government websites).

Neither of the alleged defects identified by the Government warrant judgment on the pleadings for failure to state a claim.  With respect to the first alleged defect, the law is clear.  IRS regulations expressly require that a power of attorney (such as Form 2848) "must accompany the [refund] claim" when the claim is executed by the taxpayer's representative.  Treas. Reg. § 301.6402-2(e).  As such, the Federal Circuit has held that a refund claim is not "duly filed" if it is neither signed by the taxpayer under penalties of perjury nor by a legal representative pursuant to "tendered powers of attorney" authorizing him or her to sign the claim on the taxpayer's behalf.  *Brown*, 22 F.4th at 1012.  Judges of this court have also dismissed refund cases where a power of attorney was not contemporaneously submitted with a refund claim that was signed by a representative on the taxpayer's behalf.  *See, e.g.*, *Vensure*, 164 Fed. Cl. at 286.  And because signature verification requirements derive from the Internal Revenue Code, the IRS cannot waive this type of defect.  *Brown*, 22 F.4th at 1013.

However, whether Mr. Cooper's Form 2848 accompanied his Form 843 at the time he filed his claim appears to be in dispute.  The Government relies on the fact that the Form 2848 is not included in the copy of the refund claim attached to the Complaint, as well as the fact that the IRS has purportedly been unable to locate any record establishing that Mr. Cooper submitted the Form 2848 with his claim.  ECF No. 25 at 8–9, 10 n.12.  But the Government also acknowledges that Mr. Cooper subsequently produced in discovery a copy of his refund claim that included the Form 2848, and he specifically denied that he failed to submit the form along with the Form 843.  *Id.* at

11

8–9; *see* Exs. to Def.'s Second Mot. to Dismiss at 61–62, ECF No. 25-3. Mr. Cooper explains in his opposition that he did not include the Form 2848 in the exhibits to the Complaint because it "contains sensitive information and [is] not material . . . to the merits of the abatement claim itself." ECF No. 26 at 8. In this posture, where the standard of review requires that the Court accept Mr. Cooper's allegations as true and make all reasonable inferences in his favor, judgment on the pleadings is not appropriate with respect to this issue. *See Forest Labs.*, 476 F.3d at 881; *see also Ideal Steel Supply Corp. v. Anza*, 652 F.3d 310, 325 (2d Cir. 2011) (holding that standard of review does not require a "Rule 12(c) motion be granted if evidence that had already been produced during discovery would fill the perceived gaps in the Complaint"). Accordingly, the Government's dismissal request is denied on this ground but without waiver to it being raised as appropriate in any motion for summary judgment or at trial.

      The second alleged defect also raises a question of law but, unlike the first issue, there are no disputes about the underlying facts. The Government argues that Mr. Cooper's Form 2848 did not authorize his tax attorney to sign the Form 843 on Mr. Cooper's behalf because it only identified on Line 3 (related to "Acts authorized") tax matters involving his Form 1040 income tax return for tax years 2010–2016. ECF No. 25 at 10–11; ECF No. 25-3 at 61. As the Government notes, nowhere did the power of attorney specifically identify Form 843, nor did Mr. Cooper check the box labeled "Sign a return" on Line 5a. ECF No. 25 at 10–11. As such, the Government argues that the Form 2848 does not contain, as the regulation requires, a "clear expression" that Mr. Cooper intended to authorize his tax attorney to sign the Form 843 on his behalf under penalties of perjury. *Id.* at 9 (quoting Treas. Reg. § 601.503(a)(6)). Mr. Cooper rejoins that his Form 2848 plainly complied with the form and form instructions, which required no other authorization. ECF No. 26 at 8–11. Both parties argue that their positions are supported by the

unambiguous language of Form 2848, the form instructions, IRS publications, and other IRS guidance. *See id.* at 11; ECF No. 27 at 8.

Having reviewed Mr. Cooper's Form 2848 and the various applicable statutes, regulations, and official agency documents, the Court agrees with Mr. Cooper. By way of background, the statutory and regulatory filing requirements appear largely undisputed. Because Mr. Cooper sought a refund of a late-filing penalty, he was required to submit a claim to the IRS by filing a Form 843. Treas. Reg. § 301.6402-2(c). Because that form is an "other document required to be made under any provision of the internal revenue law or regulations," the Internal Revenue Code requires a Form 843 to be "signed in accordance with forms or regulations prescribed by the Secretary." I.R.C. § 6061(a). The statute also requires a Form 843, "[e]xcept as otherwise provided by the Secretary," to "contain or be verified by a written declaration that it is made under the penalties of perjury." *Id.* § 6065. The implementing regulations carry out these requirements. *See* Treas. Reg. § 301.6402-2(a)(1)–(2) (requiring a taxpayer to file a claim for refund, if by a particular form, "in a manner consistent with such form, form instructions, publications, or other guidance found" on the IRS's website); *id.* § 301.6402-2(b)(1) (requiring a refund claim to be "verified by a written declaration that it is made under the penalties of perjury"). IRS regulations also specifically provide that a Form 843 "may be executed by an agent of the person assessed" so long as the form is accompanied by a power or attorney. *Id.* § 301.6402-2(e).

A separate regulatory provision sets forth the requirements for powers of attorney. *See id.* § 601.503. Among other information, a power of attorney must contain "[a] clear expression of the taxpayer's intention concerning the scope of authority granted to the recognized representative(s)." *Id.* § 601.503(a)(6). The regulation expressly identifies Form 2848 as an acceptable power of attorney document and provides that "[a] properly completed form 2848

13

satisfies the requirements for [ ] a power of attorney (as described in § 601.503(a))." *Id.* § 601.503(b). The critical question in this case then is whether Mr. Cooper "properly completed form 2848," *id.*, "consistent with such form, form instructions, publications, or other guidance" issued by the IRS, *id.* § 301.6402-2(a)(2). The answer is yes.

Contrary to the Government's argument, the form, form instructions, publications, and other guidance materials plainly did not require Mr. Cooper's Form 2848 to specifically identify Form 843 or specifically authorize his tax attorney to sign Form 843 in order to grant such authorization. Instead, Mr. Cooper's Form 2848 broadly authorized his tax attorney "to receive and inspect [Mr. Cooper's] confidential tax information and *to perform acts that [he could] perform* with respect to the tax matters" identified in the form. ECF No. 25-3 at 61 (Line 3). The Government argues that these authorized acts are strictly limited to the types of acts provided in the following sentence of the form—*i.e.*, signing "agreements, consents, or similar documents." *Id.* It contends that signing a Form 843 refund claim does not fall within these categories. ECF No. 27 at 8–9. But the list does not purport to be exhaustive, as it is identified as an "example," ECF No. 25-3 at 61, and the form instructions define the acts a representative is authorized to perform more broadly as signing "agreements, consents, waivers, or *other documents*," *id.* at 64 (emphasis added). An IRS publication that also addresses powers of attorney, contains yet a broader description, explaining that if a power of attorney is not limited the representative "generally can perform all acts that you can perform, except negotiating or endorsing a check." I.R.S. Publ'n 947 at 7 (Feb. 2018), https://www.irs.gov/forms-pubs/about-publication-947.

Nor is there anything in the form or form instructions that required Mr. Cooper to check the "Sign a return" box on Form 2848 in order to authorize his tax attorney to sign a refund claim on Mr. Cooper's behalf. The Government argues that similar policy concerns underlying specific

14

authorizations to sign a return apply equally to authorizations to execute a Form 843 because both are signed under penalties of perjury. *See* ECF No. 27 at 8–9. But the relevant question is not whether a specific authorization would be a prudent requirement but rather whether the applicable regulations, form, or form instructions actually required it. As Form 2848's instructions explain, there are certain acts that a power of attorney does not authorize a representative to perform absent express authorization by the taxpayer, including signing a return.[4] ECF No. 25-3 at 64. This is because the power to sign tax returns is limited by regulation to only a few enumerated circumstances. *See id.* (citing Treas. Reg. § 1.6012-1(a)(5)). And in such circumstances, the return must be accompanied by a power of attorney, such as Form 2848, "*specifically authorizing* [an individual] to represent his principal in making, *executing*, and filing the income tax return." Treas. Reg. § 1.6012-1(b)(3)(ii) (emphasis added).

Those regulatory provisions do not apply to claims for refund, except in the case of a refund of income taxes, which must be made on the appropriate amended income tax return. *Id.* § 301.6402-2(c) (referring taxpayers to Treas. Reg. § 301.6402-3 "[f]or special rules applicable to refunds of income taxes"). In contrast, the regulatory provision permitting a representative to sign a refund claim that is not made by amended return does not impose any specific authorization requirements, only that the "power of attorney must accompany the claim."[5] *Id.* § 301.6402-2(e).

---

[4] The other acts not authorized absent express authorization are "the power to substitute or add another representative" and the "power to execute a request for disclosure of tax returns or return information to a third party." ECF No. 25-3 at 64. Notably, these "specific authorities" do not include signing a refund claim made via Form 843. *See id.*; *see also id.* at 61 (Line 5a).

[5] For these reasons, the Government's reliance on cases such as *Mattson v. United States*, 153 Fed. Cl. 476 (2021), are inapposite. *See* ECF No. 25 at 2 (collecting cases). In that case and other similar cases, the courts dismissed the taxpayers' actions because their refund claims—all of which were made by amended return—were not accompanied by a power of attorney that checked the "Sign a return" box. *See, e.g.*, *Mattson*, 153 Fed. Cl. at 478–79. Since special rules apply to

And while the Government is correct that Mr. Cooper could have specifically authorized his tax attorney to sign the Form 843 by checking the catch-all "Other acts authorized" box, nothing in the form or form instructions explained that he had to do so or should do so to effect such authorization. ECF No. 25-3 at 61; *see id.* at 66.

Next, Mr. Cooper's Form 2848 broadly authorized his tax attorney to represent him (*i.e.*, to access his confidential tax information and perform certain acts) with respect to matters involving Mr. Cooper's Form 1040 income tax returns for multiple years, including the 2014 tax year at issue here. *Id.* at 61 (Line 3). According to the form instructions, this authorization included representation for penalties related to those specific tax returns. *Id.* at 65; *see* I.R.S. Tech. Adv. Mem. 201736021 at 2 (Sept. 8, 2017) (advising that "Forms 2848 that list only a specific return cover representation for penalties, payments, and interest related [ ] to that specific tax return"), https://www.irs.gov/pub/irs-wd/201736021.pdf. Thus, contrary to the Government's argument, the form and form instructions did not require Mr. Cooper to identify Form 843 separately or specifically as a matter subject to the power of attorney; it was automatically included in the authorization for the broader matter identified. Indeed, with respect to penalties, the instructions direct a taxpayer to identify the matter as "Civil Penalty" only if the taxpayer wants to limit the authorization to representation for penalties. ECF No. 25-3 at 66. And in that case, the instructions advise that the taxpayer need not identify a tax form at all or enter the specific penalty. *Id.*

Similarly, a taxpayer need only check the box on Form 2848 for "Specific use not recorded on the Centralized Authorization File (CAF)" if he intends the authorization to be for a one-time

---

the signing of a return, the claims in *Mattson* and the other cases unquestionably failed to strictly comply with the IRS's regulations, forms, and form instructions.

or specific-use grant of authority. *Id.* at 61 (Line 4), 66; I.R.S. Publ'n 947 at 10 (explaining that "[i]f the tax matter described on line 3 of Form 2848 concerns [a matter not recorded on the CAF system] *specifically*, check the box on line 4" (emphasis added)), 11 (explaining that Line 4 is used to "restrict the use of [ ] powers of attorney to a specific use that is not recorded on the CAF"). As the Government correctly notes, this line of the form is applicable to claims filed on Form 843. ECF No. 25 at 11. But Mr. Cooper's Form 2848 did not purport to restrict the power of attorney *only* to representation with respect to a refund claim.

The decisions in *Wilson v. United States*, No. 18-408T, 2019 WL 988600 (Fed. Cl. Feb. 27, 2019), and *Special Touch Home Care Services v. United States*, No. 20-CV-3051, 2022 WL 673660 (E.D.N.Y. Mar. 7, 2022), do not persuade the Court otherwise. In *Wilson* and *Special Touch*, the taxpayer's representative signed the Form 843 in the preparer section but there was no signature on the line designated for the taxpayer's jurat. *Wilson*, 2019 WL 988600, at *1; *Special Touch*, 2022 WL 673660, at *2. In each case the Form 843 was accompanied by a Form 2848 that, like the instant case, did not specifically identify Form 843 or specifically authorize the representative to sign the Form 843. *Wilson*, 2019 WL 988600, at *4; *Special Touch*, 2022 WL 673660, at *2.

Neither decision is an enthusiastic endorsement of the Government's position. *Wilson* observed that the "IRS regulations leave several important holes or uncertainties in their application to the facts of this case." 2019 WL 988600, at *1. Ultimately the court held that the taxpayer had not met his burden to show that the Form 2848 "contained a clear expression of his intention concerning the scope of [the representative's] authority sufficient to act on plaintiff's behalf to sign the refund claim." *Id.* at *4; *see id.* at *5. But Treas. Reg. § 601.503(b) provides that a properly completed Form 2848 satisfies that criteria, and the court did not make a finding

that the taxpayer incorrectly completed the form.[6] *Special Touch* also lacks much analysis of the defect at issue here or a clear finding of the taxpayer's non-compliance. The court acknowledged that only a return (not a Form 843) requires specific authorization in Line 5a but suggested that signing a Form 843 is "*likely* beyond the scope of the acts explicitly authorized by the form." *Special Touch*, 2022 WL 673660, at *6 (emphasis added). Based on its own close review and consideration, the Court respectfully takes a different view.

Accordingly, the Government is not entitled to judgment on the pleadings as a matter of law with respect to the second alleged defect in Mr. Cooper's Form 2848.

### III. CONCLUSION

For the foregoing reasons, the Government's Motion to Dismiss under RCFC 12(b)(1) is **DENIED**. The parties shall submit a joint status report by no later than **May 23, 2023**, proposing a schedule for further proceedings.

**SO ORDERED**.

Dated: May 9, 2023                                      */s/ Kathryn C. Davis*
                                                        KATHRYN C. DAVIS
                                                        Judge

---

[6] At most, *Wilson* held that the taxpayer had "not shown why Form 2848 would require a taxpayer to indicate expressly that his representative is empowered to sign a return under penalty of perjury on his behalf, but would not so require for a refund claim, which is also to be signed under penalty of perjury." 2019 WL 988600, at *5. The answer is that the regulations do not require specific authorization for non-return refund claims. *Compare* Treas. Reg. § 1.6012-1(b)(3)(ii) *with id.* § 301.6402-2(e). If that is an inconsistent policy, it is incumbent on the IRS to amend its regulations and forms.